## Standard Iron Works v. Westinghouse Electric Corp.

*David J. Tomaine,* for plaintiff.
*Henry S. Perkin,* for defendant.

DALESSANDRO, *J.,* January 16, 1984 — This matter is before the court on the preliminary objection of Standard Iron Works to the preliminary objections of Westinghouse Electric Corporation.

## HISTORY AND FACTS

On August 12, 1982, Standard Iron Works (hereinafter claimant) filed a mechanics' lien claim against Westinghouse Electric Corporation (hereinafter owner). An action to obtain judgment on the claim was instituted by complaint filed on April 13, 1983, to which the owner responded on June 15, 1983 with an answer and new matter. Then, on September 12, 1983, the owner filed preliminary objections to the claim itself, an action which prompted the preliminary objection of claimant. Because claimant's preliminary objection raises a purely procedural point, we will not summarize here the factual allegations of the claim, the complaint, the answer and new matter, or the owner's preliminary objections to the claim.

## DISCUSSION AND LAW

The sole issue presented for our determination is whether the owner's preliminary objections to the

mechanics' lien claim were timely filed. After researching the question, we have concluded that they must indeed be stricken from the record. Our analysis follows.

The Mechanics' Lien Law of 1963, Act of August 24, 1963, P.L. 1175, §101 et seq., 49 P.S. §1101 et seq., provides a statutory procedure for the filing and enforcement of mechanics' liens. After notice of a claim has been given as required by §501 of the act, 49 P.S. §1501, the lien is perfected by filing the claim in the appropriate prothonotary's office pursuant to §502, 49 P.S. §1502. As further provided in §505, 49 P.S. §1505:

"Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act. The court shall determine all preliminary objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise. If the filing of an amended claim is allowed, the court shall fix the time within which it shall be filed. Failure to file an objection preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings."
Finally, §701 of the act, 49 P.S. §1701, provides that practice and procedure to obtain judgment upon a claim shall be in accordance with the Pennsylvania Rules of Civil Procedure. See Pa.R.C.P. 1651 et seq.

Thus, it can easily be seen that one who objects to a claim has two methods of attack: certain defenses may be raised by statutory preliminary objections under §505, and any others may be asserted in the manner prescribed by rule during litigation to obtain judgment on the claim. Moreover, any defenses authorized by §505 but not raised by statutory preliminary objections are not waived and may be interposed in subsequent proceedings. The statutory

preliminary objections are to the lien itself and are independent of enforcement proceedings initiated by complaint. Young v. Swaring, 69 Lack. Jur. 6 (C.P.Pa. 1967). This two-stage process has been recognized and commented upon by other common pleas courts. See, e.g., Augustine v. Berks Co. Ind. Dev. Auth., 72 Berks L.J. 26 (Pa.C.P. 1979); Crouse & Sons v. White, 6 Pa. D.&C.3d 231 (1978); Schwartz & Baker v. Racing, Inc., 25 Monroe L.R. 125 (Pa.C.P. 1967).

At bar, claimant contends that because the owner's preliminary objections were not filed within twenty days after service of the claim, they must be stricken as untimely. In situations where Pa.R.C.P. 1026 is applicable, such a request would ordinarily be granted. However, Pa.R.C.P. 1026 is not controlling here because, as other courts have held, procedure on statutory preliminary objections is governed by the act itself, not by the rules of civil procedure, which apply to actions to reduce a claim to judgment. See, e.g., Augustine v. Berks Co. Ind. Dev. Auth., supra. That the owner did not file its statutory preliminary objections within 20 days after service of the claim is therefore of no consequence; the act contains no such deadline.

It does not follow from that conclusion that the owner's preliminary objections may not be dismissed as untimely. As claimant correctly observes, it makes no sense from the standpoint of procedure or judicial economy to permit the filing of preliminary objections at any time up to the entry of judgment on the claim, without taking into account the proceedings filed to enforce the claim. Nor do we believe that the act authorizes such a practice. Rather, §505 can properly be construed as providing that if one of the specified defenses has not been raised by preliminary objection by the time a com-

plaint is filed to obtain judgment on the claim, but the owner desires to assert such a defense to the claim, it should be raised in the enforcement proceeding in accordance with the manner provided for in the applicable rules of civil procedure.

At bar, the owner filed its statutory preliminary objections thirteen months after the claim was filed, five months after the enforcement proceedings were commenced, and three months after it filed an answer and new matter to the complaint seeking judgment on the claim. Under these circumstances, the preliminary objections were untimely, and claimant's motion to strike will therefore be granted. Whether the defenses raised by the preliminary objections have been waived, however, is an issue not now before us.

## ORDER

Now, this January 16, 1984, it is hereby ordered that the preliminary objection of Standard Iron Works to the preliminary objections of Westinghouse Electric Corporation is sustained, and the preliminary objections of Westinghouse Electric Corporation are stricken off the record.